| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Svetlana Akmatova<br>525 S Ardmore Ave #256<br>Los Angeles, CA 90020 | **DEFENDANTS**<br>*BANK OF AMERICA N.A.* |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Maria V. Primushko, Esq.  SBN 252105<br>LAW OFFICES OF MARIA V. PRIMUSHKO<br>5301 Laurel Canyon Blvd., Ste 214<br>Valley Village, CA  91607<br>Tel. (818) 760-8292<br>Fax (818) 760-8161<br>Email: prm_mar@yahoo.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
*COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY & EXTINGUISH JUNIOR LIEN OF BANK OF AMERICA (2ND MORTGAGE) AND TREAT CLAIM AS WHOLLY UNSECURED*

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[X] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[X] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**Svetlana Akmatova** | | BANKRUPTCY CASE NO.<br>*2:10-bk-13519-VZ* |
| DISTRICT IN WHICH CASE IS PENDING<br>*Central District of California* | DIVISION OFFICE<br>*Los Angeles* | NAME OF JUDGE<br>Hon. VINCENT ZURZOLO |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Maria V. Primushko<br>**Maria V. Primushko**, Esq. *CA SBN: 252105* | | |
| DATE<br>6/16/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**Maria V. Primushko**, Esq. *CA SBN: 252105* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**Maria V. Primushko, Esq.** SBN 252105
LAW OFFICES OF MARIA V. PRIMUSHKO
5301 Laurel Canyon Blvd., Ste 214
Valley Village, CA 91607
Tel. (818) 760-8292
Fax (818) 760-8161
Email: prm_mar@yahoo.com

Attorney for Debtor:
SVETLANA AKMATOVA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SVETLANA AKMATOVA,<br><br>DEBTOR.<br><br>_____<br><br>SVETLANA AKMATOVA, an individual,<br>PLAINTIFF,<br>v.<br><br>BANK OF AMERICA, N.A.,<br>DEFENDANT. | Case No.    2:10-bk-13519-VZ<br><br>Adversary No.:<br><br>Chapter 13<br><br>**COMPLAINT TO DETERMINE VALUE OF REAL PROPERTY AND TO EXTINGUISH LIEN OF BANK OF AMERICA, N.A.;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**<br><br>**DECLARATIONS OF SVETLANA AKMATOVA AND REAL ESTATE APPRAISAL IN SUPPORT THEREOF** |

**TO: THE HONORABLE VINCENT ZURZOLO, THE CHAPTER 13 TRUSTEE, AND ALL INTERESTED PARTIES:**

Plaintiff, SVETLANA AKMATOVA, an individual ("Plaintiff"), alleges as follows:

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(a).

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(K) and (c).

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a), in that the instant proceeding is related to the case under Title 11 of the United States Code, which is before this Court.

4. On February 01, 2010, (the "filing date"), Plaintiff commenced a case under Chapter 13 of Title 11 of the United States Code, which was assigned case number 2:10-bk-13519-VZ.

5. At all times relevant, Plaintiff was the owner of and resided at the certain real property commonly known as 525 S. Ardmore Ave., Unit 256, Los Angeles, CA 90020 (hereinafter "subject property").

6. Plaintiff is informed and believes and based on such alleges that as of the filing date, the subject property is worth no more than $125,000.00, based on a Uniform Residential Appraisal Report certified by a licensed California real estate appraiser reflecting the subject property's current value. Attached hereto as **Exhibit "A"** and incorporated by reference is the appraisal certified by Inna Stotland, California Real Estate Appraiser, of Stotland Enterprises, to that effect.

7. Plaintiff is informed and believes and based on such alleges that the subject property was subject to a first priority deed of trust in favor of ENCORE CREDIT CORP. (hereinafter "ENCORE") which is currently held and serviced by BAC HOME LOANS SERVICING, LP f.k.a. COUNTRYWIDE HOME LOANS SERVICING, LP (hereinafter "BACHL"). The lien of the first deed of trust is at least $213,095.82 as of the filing date based upon a proof of claim filed by BACHL in debtor's instant bankruptcy case.

8. Plaintiff is informed and believes and based on such alleges that the subject property was subject to a second deed of trust also originally held by ENCORE and is currently held and serviced by BANK OF AMERICA, N.A. (hereinafter "BOFA") and is currently approximately $87,341.68 as of the filing date, based on a proof of claim filed by BOFA in debtor's instant bankruptcy case.

9. Plaintiff is informed and believes and based on such alleges that BANK OF AMERICA, N.A. is a Federally Insured Depository Institution.

I.

## FIRST CLAIM FOR RELIEF
## VALUATION OF SECURITY

10. Plaintiff re-alleges the allegations in paragraphs 1 through 9 of the Complaint as if fully set forth here.

3

11. Plaintiff alleges that the subject property become property of the bankruptcy estate upon the filing of the petition which commenced the underlying Chapter 13 case.

12. Pursuant to 11 U.S.C. §506(a), (b), (c), and (d) and Fed. R. Bankr. Proc. 3012, Plaintiff requests that the Court determine the value of the subject property to be $125,000.00 as of the filing date.

## II.

## SECOND CLAIM FOR RELIEF

## DETERMINATION OF THE NATURE AND EXTENT OF BACHL'S LIEN

13. Plaintiff re-alleges the allegations in paragraphs 1 through 9 and 11 through 12 of the Complaint as if fully set forth here.

14. Pursuant to 11 U.S.C. §506(a), (b), (c), and (d) and Fed. R. Bankr. Proc. 3012, Plaintiff requests that the Court determine the lien held by BACHL on the subject property is in first priority and is secured in the amount of $125,000.00 or such other amount as the Court determines to be the value of the subject property and that the balance of the claim of BACHL is unsecured.

///

///

///

///

4

### III.

### THIRD CLAIM FOR RELIEF

### DETERMINATION OF THE NATURE AND EXTENT OF BOFA'S LIEN

15. Plaintiff re-alleges the allegations in paragraphs 1 through 9 and 11, 12 and 14 of the Complaint as if fully set forth here.

16. Pursuant to 11 U.S.C. §506(a), (b), (c), and (d) and Fed. R. Bankr. Proc. 3012, Plaintiff requests that the Court determine the lien held by BOFA on the subject property is in second priority held behind BACHL and that secured portion of the lien on the subject property is $0.00 and that BOFA holds an entirely unsecured claim.

### IV.

### FOURTH CLAIM FOR RELIEF

### EXTINGUISHMENT OF BOFA'S LIEN

17. Plaintiff re-alleges the allegations in paragraphs 1 through 9 and 11, 12, 14 and 16 of the Complaint as if fully set forth here.

18. Plaintiff is informed and believes and based on such alleges that the claim of BOFA is completely unsecured and under applicable law, including but not limited to 11 U.S.C. §506(a) and (d) and cases interpreting said code sections, may be determined to be a general unsecured claim.

19. Plaintiff is informed and believes and based on such alleges that the Court has the authority under applicable law, including 11 U.S.C. § 1322(b), to confirm a Chapter 13 Plan which provides for BOFA as a general unsecured creditor.

20. Plaintiff is informed and believes and based on such alleges that the Court has the authority under applicable law to extinguish the lien of BOFA upon Plaintiff's completion of payments under the plan and issuance of a discharge.

## REQUEST FOR JUDGMENT AND ORDERS

Based on the foregoing, Plaintiff requests that the Court enter a judgment which:

1. Determines the value of the subject property to be $125,000.00 as of the filing date;
2. Determines that the lien of BACHL is secured in the amount that is the value of the subject property;
3. Determines that the lien of BOFA is entirely unsecured;
4. Extinguishes BOFA's lien and permits modification of the claim under 11 U.S.C. §1322(b)(2); and
5. For such other and further relief as the Court deems just and proper.

Dated: July 6, 2010    LAW OFFICES OF MARIA V. PRIMUSHKO

By:    /s/ Maria V. Primushko
MARIA V. PRIMUSHKO, Esq.
Attorney for Debtor

## DECLARATION OF INNA STOTLAND
## IN SUPPORT OF MOTION TO AVOID LIEN

I, INNA STOTLAND, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am a Certified Appraiser duly licensed in the State of California, State Certification No. AR 026160, Expiration Date of Certification: August 9, 2010.

2. I have personally inspected and appraised the real property located at: 525 S. Ardmore Ave., Unit 256, Los Angeles, CA 90020 (hereinafter "subject" property), in unencumbered Fee Simple interest.

3. The purpose of this appraisal is to establish the Market Value of the subject property, as defined herein, for use in Bankruptcy proceedings.

4. The market value definition used in this report is consistent with regulations published by federal regulatory agencies pursuant to Title XI of the Financial Reform, Recovery and Enforcement Act (FIRREA) of 1989.

5. The effective date of the appraisal is January 30, 2010.

6. The subject and unit, and the complex as a whole was rated average in condition. The complex reflects the low end of the value spectrum for this area with higher valued projects in the general vicinity.

7. My sales comparison analysis was supplemented with interior photographs of the comparables as supplied by the Multiple Listing Service. The appraised value is based on the market value definition herein, subject to the assumptions, limiting conditions and certification included within.

8. The appraisal was summarized on the Individual Condominium Unit Appraisal Report (NL – Condo 5/2007) with supporting commentary, photographs and exhibits in the body of the report.

9. The appraiser assumes that the subsurface conditions are environmentally sound, and that the site meets with EPA standards.

10. In my opinion, the market value of the property based upon the reported assumptions and limiting conditions noted, as of the stated effective date of, is: $125,000

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this 16th day of June, 2010, at Encino, California.

Inna Stotland, Appraiser
STOTLAND ENTERPRISES

8

## DECLARATION OF SVETLANA AKMATOVA
## IN SUPPORT OF MOTION TO AVOID LIEN

I, SVETLANA AKMATOVA, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am the Debtor in the instant bankruptcy proceeding, filed on February 01, 2010, Case No. 2:10-bk-13519-VZ.

2. I am the owner of real property located at 525 S. Ardmore Ave., Unit 256, Los Angeles, CA 90020 (hereinafter, the "Property").

3. I purchased the Property on or about October, 2004.

4. My first mortgage on the Property was originally held and serviced by ENCORE CREDIT CORP. (hereinafter "ENCORE") and most recently held by BAC HOME LOANS SERVICING, LP f.k.a. COUNTRYWIDE HOME LOANS SERVICING, LP (hereinafter "BACHL").

5. I am informed and believe the amount I currently owe on the first mortgage is approximately $213,095.82 based upon a proof of claim filed by BACHL in my instant bankruptcy case. (see attached **Exhibit "B"**)

6. The second mortgage on the Property is currently held or serviced by BANK OF AMERICA, N.A. (herein "BOFA").

7. I believe the amount I owe BOFA is approximately $87,341.68 based upon a proof of claim filed by BOFA in my instant bankruptcy case. (see attached **Exhibit "C"**)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this 16th day of June, 2010, at Valley Village, California.

_____
SVETLANA AKMATOVA

9

**Additional Notices:**

| | | |
|---|---|---|
| **BAC Home Loans Servicing, L.P.**<br>1231 E. Dyer Road Ste 100<br>Santa Ana, CA 92705<br>*(CREDITOR)* | represented by | **Mark Domeyer**<br>Miles Bauer Bergstrom & Winters<br>1231 E Dyer Rd Ste 100<br>Santa Ana, CA 92705<br>(714) 481-9100<br>(714) 481-9144 (fax)<br>mdomeyer@mileslegal.com |

**BANK OF AMERICA, N.A.**
Attn: Falena L. Bryden
P.O. Box 26012
NC4-105-03-14
Greensboro, NC 27420
*(CREDITOR)*

**United States Trustee (LA)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
ustpregion16.la.ecf@usdoj.gov
*(U.S. Trustee)*

**Nancy K Curry**
606 South Olive Street, Suite 950
Los Angeles, CA 90014
213-689-3014
ecfnc@trustee13.com
*(Trustee)*

| | | |
|---|---|---|
| **Svetlana Akmatova**<br>525 S Ardmore Ave #256<br>Los Angeles, CA 90020<br>*(Debtor)* | represented by | **Maria V Primushko**<br>5301 Laurel Canyon Bl Ste 214<br>Valley Village, CA 91607<br>818-988-0077<br>*LEAD ATTORNEY* |

| Attorney or Party Name, Address, Telephone and Fax Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Maria V. Primushko, Esq.**<br>LAW OFFICES OF MARIA V. PRIMUSHKO<br>5301 Laurel Canyon Blvd., Ste 214<br>Valley Village, CA 91607<br>Tel. (818) 760-8292<br>Fax (818) 760-8161<br>Email: prm_mar@yahoo.com<br><br>California State Bar Number: **252105**<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>**Svetlana Akmatova**<br><br>Debtor. | CHAPTER __13__<br><br>CASE NUMBER **2:10-bk-13519-VZ**<br><br>ADVERSARY NUMBER |
|---|---|
| **Svetlana Akmatova**, *an individual,*<br><br>Plaintiff(s),<br><br>vs.<br><br>**Bank of America N.A., *a Delaware Corporation,***<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only)(Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom: 1368** | **Floor: 13th** |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
**Deputy Clerk**

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

LAW OFFICES OF MARIA V. PRIMUSHKO
5301 Laurel Canyon Blvd., Ste 214
Valley Village, CA 91607

A true and correct copy of the foregoing document described as **SUMMONS, COMPLAINT, DISCLOSURES & STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

*U.S. TRUSTEE (LA):* ustpregion16.la.ecf@usdoj.gov
*CREDITOR:* mdomeyer@mileslegal.com
*CHAPTER 13 TRUSTEE:* ecfnc@trustee13.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____
Date            Type Name                                                                Signature

**ADDITIONAL SERVICE INFORMATION (if needed):**

| | | |
|---|---|---|
| **BAC Home Loans Servicing, L.P.**<br>1231 E. Dyer Road Ste 100<br>Santa Ana, CA 92705<br>*(CREDITOR)* | represented by | **Mark Domeyer**<br>Miles Bauer Bergstrom & Winters<br>1231 E Dyer Rd Ste 100<br>Santa Ana, CA 92705<br>(714) 481-9100<br>(714) 481-9144 (fax)<br>mdomeyer@mileslegal.com |

**BANK OF AMERICA, N.A.**
Attn: Falena L. Bryden
P.O. Box 26012
NC4-105-03-14
Greensboro, NC 27420
*(CREDITOR)*

**United States Trustee (LA)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
ustpregion16.la.ecf@usdoj.gov
*(U.S. Trustee)*

**Nancy K Curry**
606 South Olive Street, Suite 950
Los Angeles, CA 90014
213-689-3014
ecfnc@trustee13.com
*(Trustee)*

| | | |
|---|---|---|
| **Svetlana Akmatova**<br>525 S Ardmore Ave #256<br>Los Angeles, CA 90020<br>*(Debtor)* | represented by | **Maria V Primushko**<br>5301 Laurel Canyon Bl Ste 214<br>Valley Village, CA 91607<br>818-988-0077<br>*LEAD ATTORNEY* |